**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SAV-ON DRUG, INC.

      Plaintiff,

v.                                           No. CIV 04-170 JH/ACT

ALBERTSON'S INC.,

      Defendant.

<u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
ON THE AWARD OF ATTORNEYS FEES</u>

THIS MATTER comes before the Court on District Court Judge Judith Herrera's order remanding this matter to the United States Magistrate Judge for further findings on the recommended award of attorneys' fees. [Doc. No. 50]. The parties have submitted their pleadings and supporting documents in accordance with this Court's Order of December 7, 2005. [Doc. Nos. 53, 54, 55 and 56].

Upon further reflection regarding the background of this dispute and further consideration of the arguments of counsel and the underlying issues brought forth in the Motion to Enforce the Settlement Agreement, the Court finds:

1. The Plaintiff did not act in bad faith, vexatiously, wantonly, or for oppressive reasons when it refused to sign the written Settlement Agreement or continued to litigate its refusal to sign in response to Defendant's Motion to Enforce.

2. The Plaintiff thought it had a legitimate disagreement about 1) whether there was a

condition precedent to this Agreement that had not been fulfilled; and 2) whether Paragraph 5 of the Settlement Agreement reflected the intent of the parties. Defendant disagreed and brought its Motion to Enforce the Settlement.

3. Plaintiff ultimately did not prevail on its two arguments in response to the Motion to Enforce the Settlement Agreement. But the mere fact that Plaintiff did not prevail does not mean that its initial refusal to sign the Settlement Agreement or its continued litigation in response to Defendant's Motion to Enforce was meritless or that Plaintiff acted wantonly, for purposes of harassment or delay, or for other improper reasons. *See, e.g.*, Hall v. Cole, 412 U.S. 1, (1973); Sterling Energy v. Friendly Nat. Bank, 744 F. 2d 1433 (10th Cir. 1984).

4. The Court carefully considered the evidence presented to it and spent considerable time analyzing the arguments brought by the parties in their pleadings. Upon re-consideration of its initial recommendation to award attorneys' fees to the prevailing party, the Defendant, the Court finds that this dispute does not present the fact patterns that support an award of attorneys' fees under the Court's equitable powers. Hall v. Cole, supra.

5. Therefore, the Court is unable to make the requisite factual findings to support an award of attorneys' fees to the Defendant, the prevailing party on the Motion to Enforce the Settlement Agreement.

## RECOMMENDED DISPOSITION

The Court recommends that no attorneys' fees be awarded to the Defendant.

NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE